1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Frederick J. Klorczyk III (State Bar No. 320783)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
       fklorczyk@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA
### RIVERSIDE DIVISION

| | |
|---|---|
| ALICE RUBIO and LATISHA SATCHELL, individually and on behalf of all others similarly situated,<br><br>             Plaintiffs,<br><br>     v.<br><br>ORGAIN, INC., a California Corporation,<br><br>          Defendant. | Case No:  5:18-cv-2237<br><br>**CLASS ACTION COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

CLASS ACTION COMPLAINT

Plaintiffs Alice Rubio and LaTisha Satchell (collectively, "Plaintiffs"), through their undersigned attorneys, Bursor & Fisher, P.A. and Barbat, Mansour & Suciu PLLC, bring this Class Action Complaint against Defendant Orgain, Inc. ("Defendant"), individually and on behalf of all others similarly situated, and complain and allege upon personal knowledge as to themselves and their own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys:

## NATURE OF THE ACTION

1. Defendant formulates, manufactures, advertises and sells the popular "Orgain Organic Nutrition Shake" and "Orgain Vegan Nutrition Shake" branded ready-to-drink ("RTD") protein products (the "RTD Products") throughout the United States, including in California and New York.[1] Defendant markets its Products in a systematically misleading manner, by misrepresenting that its RTD Products have "16g Protein" when they in fact do not (the "Misrepresentations").

2. Because Defendant's sales are driven by consumers seeking protein supplementation, Defendant prominently displays the total protein content of its RTD Products on the front and back of each product's label.

3. Plaintiffs and members of the Classes and Subclasses accordingly suffered an injury in fact caused by the false, fraudulent, unfair, deceptive, and misleading practices set forth herein, and seek compensatory damages, statutory damages, and injunctive relief.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question). This Court has jurisdiction over supplemental state law claims pursuant to 28 U.S.C. § 1367.

5. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are more than 100 Class members, members of the Classes (as defined

---

[1] The "RTD Products" include all five flavors of Defendant's "Organic Nutrition Shake" and both flavors of Defendant's "Vegan Organic Nutrition Shake." *See* https://www.orgain.com/protein/nutrition-shakes/organic-nutrition-shakes.html?from=Catalog#851770003285 (last visited October 17, 2018) and https://www.orgain.com/protein/nutrition-shakes/vegetarian-protein-shakes.html?from=Catalog#851770003216 (last visited October 17, 2018.

below) are citizens of states different from Defendant, and greater than two-thirds of the members of the Classes reside in states other than the state in which Defendant is a citizen.

6.      Venue properly lies in this District pursuant to 28 U.S.C. § 1391(a), (b) and (c) because Defendant is incorporated in California, Defendant is headquartered in this District, and Defendant produced, distributed, marketed, advertised, and/or sold the Orgain RTD Products within this District through numerous dealers doing business in the District.

## PARTIES

7.      Plaintiff Alice Rubio is a citizen of California who resides in Alta Loma.  Ms. Rubio purchased RTD Products at Costco Wholesale in Rancho Cucamonga, CA in or about July 2018.  Prior to purchase, Ms. Rubio carefully read the RTD Products' labeling, including the representation that it contained "16g Protein."  Ms. Rubio understood this to mean that the RTD Products contained 16 grams of proteins, and relied on it in that she would not have purchased RTD Products, or would have only been willing to pay a substantially reduced price for RTD Products, had she known that this representation was false and misleading.

8.      Plaintiff LaTisha Satchell is a citizen of New York who resides in Bayshore.  Ms. Satchell purchased RTD Products at Vitamin Shoppe in Bayshore, NY in or about September 2018. Prior to purchase, Ms. Satchell carefully read the RTD Products' labeling, including the representation that it contained "16g Protein."  Ms. Satchell understood this to mean that the RTD Products contained 16 grams of proteins, and relied on it in that she would not have purchased RTD Products, or would have only been willing to pay a substantially reduced price for RTD Products, had she known that this representation was false and misleading.

9.      Orgain, Inc. is incorporated in the state of California, with a principal place of business located at 16631 Millikan Ave, Irvine, CA 92606.

## GENERAL ALLEGATIONS

10.     It is axiomatic that the amount of protein purportedly contained within Defendant's RTD Products are material to any consumer seeking to purchase a protein supplement.

11.     Defendant labels and advertises all of its RTD Products in a manner that highlights the

amount of protein each RTD Product contains.  Each RTD Product lists its respective protein content on its front label, directly below the title of the Product, as well as on the back-nutritional label.  Such representations constitute an express warranty regarding the Products' protein content.

12.     Defendant's RTD Product labels plainly state they are fortified with 16 grams of protein on the front of the packaging and also indicates that there are 16 grams of protein per bottle in the Nutrition Facts section[2]:





---

[2] All product images contained within this complaint were taken from Defendant's website.

13.     However, based upon testing commissioned by Plaintiffs' attorneys, the RTD Products were only shown to contain between 13.33 grams and 14.98 grams.  A true and correct copy of the RTD Products testing commissioned by Plaintiffs' attorneys is attached hereto as **Exhibit A**.

14.     Defendant's false, deceptive and misleading label statements are unlawful under state Unfair and Deceptive Acts and Practices Statutes and/or Consumer Protection Acts, which prohibit unfair, deceptive or unconscionable acts in the conduct of trade or commerce.

15.     Pursuant to 21 U.S.C. § 321(f), Defendant's RTD Products constitute a "food" regulated by the FDCA, 21 U.S.C. § 301, *et seq.*, and other FDCA regulations.

16.     Defendant's false, deceptive and misleading label statements violate 21 U.S.C. § 343(a)(1) and the so-called "little FDCA" statutes adopted by many states, which deem food misbranded when "its labeling is false or misleading in any particular," including California's Sherman Food, Drug, and Cosmetic Law.  Federal statutes and regulations, including, but not limited to, 21 U.S.C. §§ 321, 343 and 21 C.F.R. §§ 101.4, 101.64, prohibit the mislabeling and misbranding of food products.  Federal statutes and regulations further prohibit misleading consumers by misrepresenting a product's nutritional ingredients and including an ingredient on each of the Product's nutritional labels that is not actually included in the products themselves.

17.     Like the FDCA, California's Sherman Food, Drug, and Cosmetic Law prohibits the misbranding of food.  *See* Cal. Health & Saf. Code § 109875, *et seq.* (the "Sherman Law").  The Sherman Law provides that food is misbranded "if its labeling is false or misleading in any particular." *Id.*  The Sherman Law explicitly incorporates by reference "[a]ll food labeling regulations and any amendments to those regulations adopted pursuant to the FDCA," as the food labeling regulations of California Cal.  *See* Cal. Health & Saf. Code, § 110100, subd. (a).

18.     New York has also expressly adopted the federal food labeling requirements as its own, thereby rendering a violation of federal food labeling laws as an independent violation of New York law and actionable as such. *See, e.g.*, New York Consolidated Laws, Agriculture and Markets Law - AGM § 201.

---

19.     The introduction of misbranded food into interstate commerce is prohibited under the FDCA and all state parallel statutes cited in this Complaint.

20.     Defendant intended for Plaintiffs and members of the Class and Subclasses to be misled.

21.     Defendant's misleading and deceptive practices proximately caused harm to Plaintiffs and members of the Class and Subclasses.

## **CLASS ACTION ALLEGATIONS**

22.     Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 for the following classes:

> **Nationwide Class**:  All persons in the United States who, within six (6) years of the filing of this Complaint, purchased the Products.
>
> **California Subclass**:  All persons residing in California who, within six (6) years of the filing of this Complaint, purchased the Products.
>
> **New York Subclass**:  All persons residing in Florida who, within six (6) years of the filing of this Complaint, purchased the Products.

Excluded from the Class are all legal entities, Defendant herein and any person, firm, trust, corporation, or other entity related to or affiliated with Defendant, as well as any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff.

23.     Plaintiffs reserve the right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified.

24.     While the exact number of Class members is unknown to Plaintiffs at this time, and will be ascertained through appropriate discovery, Plaintiffs are informed and believe that there are tens of thousands of members in the proposed Class.  The number of individuals who comprise the Class are is so numerous that joinder of all such persons is impracticable and the disposition of their claims in a class action, rather than in individual actions, will benefit both the parties and the courts.

25.     Plaintiffs' claims are typical of the claims of the other members of the Class. All members of the Class have been and/or continue to be similarly affected by Defendant's wrongful conduct as complained of herein, in violation of California and New York law.  Plaintiffs are unaware of any interests that conflict with or are antagonistic to the interests of the Class.

26.     Plaintiffs will fairly and adequately protect the Class members' interests and have retained counsel competent and experienced in consumer class action lawsuits and complex litigation. Plaintiffs and their counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiffs are aware of their duties and responsibilities to the Class.

27.     Defendant has acted with respect to the Class in a manner generally applicable to each Class member.  Common questions of law and fact exist as to all Class members and predominate over any questions wholly affecting individual Class members.  There is a well-defined community of interest in the questions of law and fact involved in the action, which affect all Class members.  Among the questions of law and fact common to the Class are, *inter alia*:

(a)     Whether Defendant labels, markets and otherwise advertises its RTD Products in a deceptive, false, or misleading manner by misstating the Products' protein content;

(b)     Whether Defendant's sale of the RTD Products constitutes unfair methods of competition and unfair or deceptive acts or practices in violation of, *inter alia*, CAL. BUS. & PROF. CODE §§ 1770 *et seq.*, including:

(i)     Whether Defendant misrepresents the source, sponsorship, approval, or certification of their RTD Products;

(ii)    Whether Defendant misrepresents that its RTD Products have benefits which they do not have;

(iii)   Whether Defendant represents that its RTD Products are of a particular standard or quality of which they are not; and

(iv)    Whether Defendant advertises its RTD Products with intent not to sell them as advertised;

(c)     Whether Defendant's sale of the RTD Products constitutes misleading and deceptive advertising under, *inter alia*, CAL. BUS. & PROF. CODE §§ 17500.

(d)     Whether Defendant's sale of its RTD Products constitutes "unlawful," "unfair," or "fraudulent" business acts or practices under, *inter alia*, CAL. BUS. & PROF. CODE §§ 17200, including:

(i) Whether Defendant's sale of its RTD Products constitutes "unlawful" or "unfair" business practices by violating the public policies set out in CAL. BUS. & PROF. CODE §§ 1770 *et seq.*, CAL. BUS. & PROF. CODE §§ 17500 and other California and federal statutes and regulations;

(ii) Whether Defendant's sale of its RTD Products is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers;

(iii) Whether Defendant's sale of its RTD Products constitutes an "unfair" business practice because consumer injury outweighs any countervailing benefits to consumers or competition, and because such injury could not be reasonably avoided by consumers; and

(iv) Whether Defendant's mischaracterization of the protein contents in its RTD Products constitutes a "fraudulent" business practice because members of the public are likely to be deceived;

(e) Whether Defendant's mischaracterization of the protein in its RTD Products constitutes unlawful, unfair and fraudulent acts under New York GBL §§ 349-350.

(f) The nature and extent of damages, restitution. equitable remedies, and declaratory and injunctive relief to which Plaintiffs and the Class are entitled; and

(g) Whether Plaintiffs and the Class should be awarded attorneys' fees and the costs of suit.

28. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for Class members to individually redress the wrongs done to them. There will be no difficulty in managing this action as a class action.

29. Defendant has acted on grounds generally applicable to the entire Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

## COUNT I
### Violation of California's False Advertising Law ("FAL")
### CAL. BUS. & PROF. CODE §§ 17500, *et seq.* -

30.　　Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

31.　　Plaintiffs bring this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff Rubio also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

32.　　California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

33.　　Defendant committed acts of false advertising, as defined by §§ 17500, *et seq.*, by misrepresenting that the RTD Products contained "16g Protein."

34.　　Defendant knew or should have known through the exercise of reasonable care that its "16g Protein" representation and other misrepresentations for the RTD Products were false, misleading and/or deceptive.

35.　　Defendants' actions in violation of § 17500 were false and misleading such that the general public is and was likely to be deceived.  Consumers, including Plaintiffs and members of the Class, necessarily and reasonably relied on Defendant's statements regarding the contents of its products.  Consumers, including Plaintiffs and members of the Class and California Subclass, were among the intended targets of such representations.

36.　　As a result of Defendant's conduct, Plaintiffs and members of the Class and California Subclass were harmed and suffered actual damages as a result of Defendant's FAL violations because: (a) they would not have purchased the RTD Products on the same terms if they knew that the RTD Products did not contain 16 grams of protein; (b) they paid a price premium for the RTD Products based on Defendant's Misrepresentations; and (c) the RTD Products do not have the characteristics,

ingredients, uses, benefits, or quantities as promised, namely the represented protein content. Additionally, misbranded food products cannot legally be manufactured, held, advertised, distributed or sold. Thus, misbranded food has no economic value and is worthless as a matter of law, and purchasers of misbranded food are entitled to a refund of the purchase price of the misbrand food. Plaintiffs and members of the Class and California Subclass have thus been damaged either in the full amount of the purchase price of the RTD Products or in the difference in value between the RTD Products as warranted and the RTD Products as actually sold. Defendant has further been unjustly enriched at the expense of Plaintiffs and the members of the Class.

**COUNT II**
**Violation of California's Consumers Legal Remedies Act ("CLRA")**
**CAL. CIV. CODE §§ 1750, *et seq.*-**
**(Injunctive Relief Only)**

37.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

38.    Plaintiffs bring this claim individually and on behalf of the members of the proposed Class against Defendant. Plaintiff Rubio also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

39.    Defendant's RTD Products are a "good" as defined by California Civil Code §1761(a).

40.    Defendant is a "person" as defined by California Civil Code §1761(c).

41.    Plaintiffs and members of the Class and California Subclass are "consumers" within the meaning of California Civil Code §1761(d) because they purchased the RTD Products for personal, family or household use.

42.    The sale of the RTD Products to Plaintiffs and members of the Class and California Subclass is a "transaction" as defined by California Civil Code §1761(e).

43.    Defendants' actions, representations, and conduct violated and continue to violate the CLRA because they extend to transactions that intended to result, or which have resulted in, the sale of goods to consumers.

44.    California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses,

benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."

45.     California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(7), prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

46.     California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(9), prohibits "[a]dvertising goods or services with intent not to sell them as advertised."

47.     Defendants violated these provisions by misrepresenting that the RTD Products contained "16g Protein," as alleged herein.

48.     As a result of Defendant's conduct, Plaintiffs and members of the Class and California Subclass were harmed because:  (a) they would not have purchased the RTD Products on the same terms if they knew that the RTD Products did not contain 16 grams of protein; (b) they paid a price premium for the RTD Products based on Defendant's Misrepresentations; and (c) the RTD Products do not have the characteristics, ingredients, uses, benefits, or quantities as promised, namely the represented protein content.  Additionally, misbranded food products cannot legally be manufactured, held, advertised, distributed or sold.  Thus, misbranded food has no economic value and is worthless as a matter of law, and purchasers of misbranded food are entitled to a refund of the purchase price of the misbrand food.  Plaintiffs and members of the Class and California Subclass have thus been damaged either in the full amount of the purchase price of the RTD Products or in the difference in value between the RTD Products as warranted and the RTD Products as actually sold.

49.     Plaintiffs, on behalf of themselves and all other similarly situated consumers, and as appropriate, on behalf of the general public, seek injunctive relief prohibiting Defendant continuing these unlawful practices pursuant to California Civil Code § 1782(a)(2).  On or about October 5, 2018, prior to filing this action, a CLRA notice letter was served on Defendant which complies in all respects with California Civil Code § 1782(a).  Plaintiffs sent Defendant a letter via certified mail, return receipt requested, advising Defendant that it is in violation of the CLRA and demanding that they cease and desist from such violations and make full restitution by refunding the monies received therefrom.  A

1    true and correct copy of Plaintiffs' letter is attached hereto as **Exhibit B**.

2        50.    A declaration establishing venue is attached hereto as **Exhibit C**.

3        51.    Wherefore, Plaintiffs seek injunctive relief only for this violation of the CLRA.  If

4    Defendant's fail to respond to Plaintiffs' CLRA notice within 30 days, Plaintiffs may amend their

5    Complaint to seek all available damages under the CLRA for all violations complained of herein,

6    including, but not limited to, statutory damages, punitive damages, attorneys' fees and cost and any

7    other relief that the Court deems proper.

8                          **COUNT III**
     **Violation of California's Unfair Competition Law ("UCL")**
9    **CAL. BUS. & PROF. CODE §§ 17200, *et seq.***

10       52.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding

11   paragraphs of this Complaint.

12       53.    Plaintiffs bring this claim individually and on behalf of the members of the proposed

13   Class against Defendant.  Plaintiff Rubio also brings this claim individually and on behalf of the

14   members of the proposed California Subclass against Defendant.

15       54.    Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code

16   §§ 17200, et seq.  The UCL provides, in pertinent part: "Unfair competition shall mean and include

17   unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading

18   advertising …."

19       55.    Defendants violated the "unlawful" prong of the UCL by violating the CLRA, the FAL,

20   the Textile Act, and 16 C.F.R. §§ 303.16(d) and § 303.27, as alleged herein.

21       56.    Defendant violated the "unlawful" prong of the UCL by violating the CLRA as

22   described above, the FAL as described above, and Cal. Com. Code § 2607 as described below.

23   Defendant also violated California's Sherman Law, HEALTH & SAF. CODE §§ 109875 *et seq.*, which

24   provides that food is misbranded "if its labeling is false or misleading in any particular." HEALTH &

25   SAF. CODE § 110660.  Defendant further violated federal statutes and regulations, including, but not

26   limited to, 21 U.S.C. §§ 321, 343 and 21 C.F.R. §§ 101.4, 101.64.

27       57.    Defendant's Misrepresentations and other conduct, described herein, violated the

28   "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public

policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.

58.     Defendant violated the "fraudulent" prong of the UCL by making misrepresentations that the RTD Products contained "16g Protein," as described herein.

59.     As a result of Defendant's conduct, Plaintiffs and members of the Class and California Subclass were harmed and suffered actual damages as a result of Defendant's violations of the UCL because:  (a) they would not have purchased the RTD Products on the same terms if they knew that the RTD Products did not contain 16 grams of protein; (b) they paid a price premium for the RTD Products based on Defendant's Misrepresentations; and (c) the RTD Products do not have the characteristics, ingredients, uses, benefits, or quantities as promised, namely the represented protein content.  Additionally, misbranded food products cannot legally be manufactured, held, advertised, distributed or sold.  Thus, misbranded food has no economic value and is worthless as a matter of law, and purchasers of misbranded food are entitled to a refund of the purchase price of the misbrand food. Plaintiffs and members of the Class and California Subclass have thus been damaged either in the full amount of the purchase price of the RTD Products or in the difference in value between the RTD Products as warranted and the RTD Products as actually sold.  Defendant has further been unjustly enriched at the expense of Plaintiffs and the members of the Class.

## COUNT IV
### Violation of New York GBL § 349

60.     Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

61.     Plaintiff Satchell brings this claim individually and on behalf of the members of the New York Subclass against Defendant.

62.     New York's General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce.

63.     In its sale of goods throughout the State of New York, Defendant conducts business and trade within the meaning and intendment of New York's General Business Law § 349.

64.     Plaintiff Satchell and members of the Subclass are consumers who purchased products from Defendants for their personal use.

65.     By the acts and conduct alleged herein, Defendant has engaged in deceptive, unfair, and misleading acts and practices, which include, without limitation, misrepresenting that the RTD Products contained "16g Protein."

66.     The foregoing deceptive acts and practices were directed at consumers.

67.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics, ingredients, and benefits of the RTD Products to induce consumers to purchase same.

68.     By reason of this conduct, Defendant engaged in deceptive conduct in violation of New York's General Business Law.

69.     Defendant's actions are the direct, foreseeable, and proximate cause of the damages that Plaintiff Satchell and members of the Subclass have sustained from having paid for and consumed Defendant's RTD Products.

70.     As a result of Defendant's violations, Plaintiff and members of the New York Subclass have suffered damages because:   (a) they would not have purchased the RTD Products on the same terms if they knew that the RTD Products did not contain 16 grams of protein; (b) they paid a price premium for the RTD Products based on Defendant's Misrepresentations; and (c) the RTD Products do not have the characteristics, ingredients, uses, benefits, or quantities as promised, namely the represented protein content.  Additionally, misbranded food products cannot legally be manufactured, held, advertised, distributed or sold.  Thus, misbranded food has no economic value and is worthless as a matter of law, and purchasers of misbranded food are entitled to a refund of the purchase price of the misbrand food.  Plaintiffs and members of the New York Subclass have thus been damaged either in the full amount of the purchase price of the RTD Products or in the difference in value between the RTD Products as warranted and the RTD Products as actually sold.

71.     On behalf of themselves and other members of the New York Subclass, Plaintiff Satchell seeks to recover her actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

<u>**COUNT V**</u>
**Violation of New York GBL § 350**

72.     Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

73.     Plaintiff Satchell brings this claim individually and on behalf of the members of the New York Subclass against Defendant.

74.     New York's General Business Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce.

75.     Pursuant to said statute, false advertising is defined as "advertising, including labeling, of a commodity … if such advertising is misleading in a material respect."

76.     Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York GBL.

77.     Defendant's false, misleading, and deceptive statements and representations of fact, including but not limited to, the Misrepresentations, were and are directed to consumers.

78.     Defendant's false, misleading, and deceptive statements and representations of fact, including but not limited to the Misrepresentations, were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

79.     Defendant's false, misleading, and deceptive statements and representations of fact, including but not limited to the Misrepresentations, have resulted in consumer injury or harm to the public interest.

80.     Plaintiff Satchell and members of the New York Subclass have suffered damages due to said violation because:  (a) they would not have purchased the RTD Products on the same terms if they knew that the RTD Products did not contain 16 grams of protein; (b) they paid a price premium for the RTD Products based on Defendant's Misrepresentations; and (c) the RTD Products do not have

the characteristics, ingredients, uses, benefits, or quantities as promised, namely the represented protein content. Additionally, misbranded food products cannot legally be manufactured, held, advertised, distributed or sold. Thus, misbranded food has no economic value and is worthless as a matter of law, and purchasers of misbranded food are entitled to a refund of the purchase price of the misbrand food. Plaintiff Satchell and members of the New York Subclass have thus been damaged either in the full amount of the purchase price of the RTD Products or in the difference in value between the RTD Products as warranted and the RTD Products as actually sold.

81.     As a result of Defendant's false, misleading, and deceptive statements and representations of fact, including but not limited to the Misrepresentations, Plaintiff Satchell and New York Subclass members have suffered and will continue to suffer economic injury.

82.     On behalf of herself and other members of the New York Subclass, Plaintiff Satchell seeks to recover her actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

<u>COUNT VI</u>
**Breach of Express Warranty**

83.     Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

84.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class against Defendant. Plaintiff Rubio also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant. Plaintiff Satchell also brings this claim individually and on behalf of the members of the proposed New York Subclass against Defendant.

85.     Defendant, as the designer, manufacturer, marketer, distributor, and/or seller of the RTD Products, expressly warranted that the RTD Products contained "16g Protein."

86.     In fact, independent laboratory testing shows that the RTD Products do not contain "16g Protein."

87.     As a direct and proximate cause of Defendant's breach of express warranty, Plaintiff and members of the Class and Subclasses have been injured and harmed because: (a) they would not

have purchased the RTD Products on the same terms if they knew that the RTD Products did not contain 16 grams of protein; (b) they paid a price premium for the RTD Products based on Defendant's Misrepresentations; and (c) the RTD Products do not have the characteristics, ingredients, uses, benefits, or quantities as promised, namely the represented protein content.  Additionally, misbranded food products cannot legally be manufactured, held, advertised, distributed or sold.  Thus, misbranded food has no economic value and is worthless as a matter of law, and purchasers of misbranded food are entitled to a refund of the purchase price of the misbrand food.  Plaintiff Satchell and members of the New York Subclass have thus been damaged either in the full amount of the purchase price of the RTD Products or in the difference in value between the RTD Products as warranted and the RTD Products as actually sold.

### COUNT VII
### Violation Of The Magnuson-Moss Warranty Act ("MMWA")

88.     Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

89.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff Rubio also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.  Plaintiff Satchell also brings this claim individually and on behalf of the members of the proposed New York Subclass against Defendant.  Plaintiffs bring this claim solely for breach of federal law.  This claim is not based on any violation of state law.

90.     The Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*, creates a private federal cause of action for breach of a "written warranty" as defined by the Act. 15 U.S.C. § 2301(6) and § 310(d)(1).

91.     The RTD Products are "consumer products" as that term is defined by 15 U.S.C. § 2301(1), as they constitute tangible personal property which is distributed in commerce and which is normally used for personal, family or household purposes.

92.     Plaintiffs and members of the Class and Subclasses are "consumers" as defined by 15 U.S.C. § 2301(3), since they are buyers of the RTD Products for purposes other than resale.

93.     Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

94.     Defendant provided a "written warranty" within the meaning of 15 U.S.C. 2301(6) by representing that the RTD Products contained "16g Protein" on their labeling.  These affirmations of fact regarding the nature and quantity of the ingredients in the RTD Products constituted, and were intended to convey to purchasers, a written promise that the ingredients in the products were free of a particular type of defect (*i.e.*, the RTD Products would include a particular ingredient in a certain amount).  As such, these written promises and affirmations were part of the basis of Plaintiffs' and the Class' bargain with Defendant in purchasing the RTD Products.

95.     Defendant breached the written warranty by failing to provide and supply the RTD Products as promised.  Specifically, the RTD Products did not contain "16g Protein."

96.     Plaintiffs and members of the Class and Subclasses were injured by Defendant's breach of its written warranty because: (a) they would not have purchased the RTD Products on the same terms if they knew that the RTD Products did not contain 16 grams of protein; (b) they paid a price premium for the RTD Products based on Defendant's Misrepresentations; and (c) the RTD Products do not have the characteristics, ingredients, uses, benefits, or quantities as promised, namely the represented protein content.  Additionally, misbranded food products cannot legally be manufactured, held, advertised, distributed or sold.  Thus, misbranded food has no economic value and is worthless as a matter of law, and purchasers of misbranded food are entitled to a refund of the purchase price of the misbrand food.  Plaintiff Satchell and members of the New York Subclass have thus been damaged either in the full amount of the purchase price of the RTD Products or in the difference in value between the RTD Products as warranted and the RTD Products as actually sold.

97.     Plaintiffs and members of the Class and Subclasses therefore seek to recover "damages and other legal and equitable relief" and "costs and expenses (including attorneys' fees based upon actual time expended)" as provided in 15 U.S.C. § 2310(d).

## COUNT VIII
### Unjust Enrichment

98.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

99.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff Rubio also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.  Plaintiff Satchell also brings this claim individually and on behalf of the members of the proposed New York Subclass against Defendant.

100.     Plaintiffs and members of the Class and Subclasses conferred benefits on Defendant by purchasing the RTD Products.

101.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs' and Class members' purchases of the RTD Products.  Retention of those moneys under these circumstances is unjust and inequitable because Defendants misrepresented that the RTD Products contained "16g Protein."  These misrepresentations caused injuries to Plaintiffs and members of the Class and Subclasses because they would not have purchased the RTD Products on the same terms if the true facts were known.

102.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiffs and members of the Class and Subclasses is unjust and inequitable, Defendant must pay restitution to Plaintiffs and members of the Class and Subclasses for its unjust enrichment, as ordered by the Court.

**<u>COUNT IX</u>**
**Negligent Misrepresentation**

103.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

104.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff Rubio also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.  Plaintiff Satchell also brings this claim individually and on behalf of the members of the proposed New York Subclass against Defendant.

105.     As discussed above, Defendant misrepresented that the RTD Products contained "16g Protein."

106.   At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

107.   At an absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about the RTD Products.

108.   The negligent misrepresentations and omissions made by Defendant, upon which Plaintiffs and members of the Class and Subclasses reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and members of the Class and Subclasses to purchase the RTD Products.

109.   Plaintiffs and members of the Class and Subclasses would not have purchased the RTD Products on the same terms if the true facts had been known.

110.   The negligent actions of Defendant caused damage to Plaintiffs and members of the Class and Subclasses, who are entitled to damages and other legal and equitable relief as a result.

<u>**COUNT X**</u>
**Fraud**

111.   Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

112.   Plaintiffs bring this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff Rubio also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.  Plaintiff Satchell also brings this claim individually and on behalf of the members of the proposed New York Subclass against Defendant.

113.   As discussed above, Defendant provided Plaintiff and members of the Class and Subclasses with false or misleading material information and failed to disclose material facts about the RTD Products, including by misrepresenting that the RTD Products contained "16g Protein" and failing to disclose that the RTD Products did not in fact contain "16g Protein."  These misrepresentations and omissions were made with knowledge of their falsehood.

114.   The misrepresentations and omissions made by Defendant, upon which Plaintiffs and members of the Class and Subclasses reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and members of the Class and Subclasses to purchase the RTD Products.

115.   The fraudulent actions of Defendant caused damage to Plaintiffs and members of the Class and Subclasses, who are entitled to damages and other legal and equitable relief as a result.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the members of the Class and Subclasses, demands judgment against and general and special relief from Defendant as follows:

1.   An order certifying that the action may be maintained as a Class Action as defined herein and appointing Plaintiffs and their counsel of record to represent the defined Class and Subclasses;

2.   That Defendant bear the costs of any notice sent to the Class and Subclasses;

3.   For an order awarding Plaintiffs and the members of the Class and Subclasses actual damages, restitution and/or disgorgement;

4.   An order enjoining Defendant under California Business and Professions Code §§ 17203:

    a.   To cease such acts and practices declared by this Court to be an unlawful, fraudulent, or an unfair business act or practice, a violation of laws, statutes, or regulations, or constituting unfair competition;

    b.   To disgorge all profits and compensation improperly obtained by Defendant as a result of such acts and practices declared by this Court to be an unlawful, fraudulent, or unfair business act or practice, a violation of laws, statutes, or regulations, or constituting unfair competition; and

5.   For reasonable attorney's fees and costs, pursuant to California Code of Civil Procedure § 1021.5, and other statutes as may be applicable, as well as provided by the contracts;

6.   For prejudgment interest to the extent allowed by law;

---

1    7.     For costs of suit incurred herein; and

2    8.     For such other and further relief as the Court deems appropriate.

3                    **DEMAND FOR TRIAL BY JURY**

4    Plaintiffs demand a trial by jury of all issues so triable.

5

6    Dated:  October 19, 2018                Respectfully submitted,

7                                            **BURSOR & FISHER, P.A.**

8

9                                            By:___*/s/ Frederick J. Klorczyk III*_____
                                                    Frederick J. Klorczyk III
10
                                             L. Timothy Fisher (State Bar No. 191626)
11                                           Frederick J. Klorczyk III (State Bar No. 320783)
                                             1990 North California Blvd., Suite 940
12                                           Walnut Creek, CA  94596
                                             Telephone: (925) 300-4455
13                                           Facsimile: (925) 407-2700
                                             Email: ltfisher@bursor.com
14                                                   fklorczyk@bursor.com

15
                                             **BURSOR & FISHER, P.A.**
16                                           Scott A. Bursor (State Bar No. 276006)
                                             888 Seventh Avenue
17                                           New York, NY  10019
                                             Telephone: (646) 837-7150
18                                           Facsimile:  (212) 989-9163
                                             E-Mail: scott@bursor.com
19

20                                           *Attorneys for Plaintiffs*

21

22

23

24

25

26

27

28

**EXHIBIT A**

 **eurofins** | **Nutrition Analysis Center**

Eurofins Scientific Inc.
Nutrition Analysis Center
2200 Rittenhouse Street, Suite 150
Des Moines, IA 50321
Tel:+1 515 265 1461
Fax:+1 515 266 5453

**Eurofins Sample Code:** 464-2016-10120541
**Sample Description:** 500050 26445 Q 000927 Orgain High Protein Vegan Nu
ss=330g
**Client Sample Code:** 1610297-03
**PO Number:** 1610297

**Entry Date:** 10/12/2016
**Reporting Date:** 10/20/2016

Eurofins Frontier Global Services, Inc.
attn: Maricris Dela Rosa
11720 N Creek Pkwy N Ste. 400
Bothell, WA 98011

Eurofins Frontier Global Services, Inc.
Attn: Amy Goodall
11720 N Creek Pkwy N Ste. 400
Bothell, WA 98011

## CERTIFICATE OF ANALYSIS
AR-16-QD-153178-01

| Test | As Is Basis | Per Serving | Theoretical Level |
|---|---|---|---|
| **QD275 - Serving Size (Customer Supplied)** | | | Completed: 10/13/2016 |
| No Reference | | | |
| Unit weight | 330.0000 g | 330.0000 g | |
| Units per serving | 1 | 1 | 1 |
| Serving Size | 330.00 g | 330.00 g | 330 g/serving |
| **QD252 - Protein - Combustion** | | | Completed: 10/13/2016 |
| AOAC 990.03; AOAC 992.15 | | | |
| * Protein | 4.27 % | 14.09 g/Serving | |
| **QQ007 - Free Amino Acid Profile (AOAC, Most Matrices)** | | | Completed: 10/18/2016 |
| AOAC 999.13 mod. | | | |
| Alanine (Free) | <0.01 % | <0.04 g/Serving | |
| Arginine (Free) | <0.01 % | <0.04 g/Serving | |
| Aspartic acid (Free) | <0.01 % | <0.04 g/Serving | |
| Cystine, free | <0.01 % | <0.04 g/Serving | |
| Glutamic acid (Free) | <0.01 % | <0.04 g/Serving | |
| Glycine (Free) | <0.01 % | <0.04 g/Serving | |
| Histidine (Free) | <0.01 % | <0.04 g/Serving | |
| Isoleucine (Free) | <0.01 % | <0.04 g/Serving | |
| Leucine (Free) | <0.01 % | <0.04 g/Serving | |
| Lysine (Free) | <0.01 % | <0.04 g/Serving | |
| Methionine (Free) | <0.01 % | <0.04 g/Serving | |
| Phenylalanine (Free) | <0.01 % | <0.04 g/Serving | |
| Proline (Free) | <0.01 % | <0.04 g/Serving | |
| Serine (Free) | <0.01 % | <0.04 g/Serving | |
| Threonine (Free) | <0.01 % | <0.04 g/Serving | |
| Tyrosine (Free) | <0.01 % | <0.04 g/Serving | |
| Valine (Free) | <0.01 % | <0.04 g/Serving | |
| **QD647 - Special Services HPLC** | | | Completed: 10/20/2016 |
| No Reference | | | |
| Sum of Free Amino Acids | <0.01 % | <0.04 g/Serving | |

*The test result is covered by our current A2LA accreditation.*

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA),
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf

Certificate of Analysis: AR-16-QD-153178-01



AR-16-QD-153178-01

**Eurofins Sample Code:** 464-2016-10120541
**Client Sample Code:** 1610297-03

Respectfully Submitted,
Eurofins Scientific Inc.

David Gross

Support Services Manager
Results shown in this report relate solely to the item submitted for analysis.
All results are reported on an "As Received" basis unless otherwise stated.
Reports shall not be reproduced except in full without written permission of
Eurofins Scientific, Inc.  Measurement of Uncertainty can be obtained upon request.

Biological Testing
Cert:3329:01

Chemical Testing
Cert:2927:01

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA);
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf
Page 2 of 2

 **eurofins** | **Nutrition Analysis Center**

Eurofins Scientific Inc.
Nutrition Analysis Center
2200 Rittenhouse Street, Suite 150
Des Moines, IA 50321
Tel:+1 515 265 1461
Fax:+1 515 266 5453

**Eurofins Sample Code:** 464-2016-10120542
**Sample Description:** 500051 26445 Q 040004 Orgain High Protein Complete
ss=330g
**Client Sample Code:** 1610297-04
**PO Number:** 1610297

**Entry Date:** 10/12/2016
**Reporting Date:** 10/20/2016

Eurofins Frontier Global Services, Inc.
attn: Maricris Dela Rosa
11720 N Creek Pkwy N Ste. 400
Bothell, WA 98011

Eurofins Frontier Global Services, Inc.
Attn: Amy Goodall
11720 N Creek Pkwy N Ste. 400
Bothell, WA 98011

# CERTIFICATE OF ANALYSIS
AR-16-QD-153179-01

| Test | As Is Basis | Per Serving | Theoretical Level |
|---|---|---|---|
| **QD275 - Serving Size (Customer Supplied)** | | | Completed: 10/13/2016 |
| No Reference | | | |
| Unit weight | 330.0000 g | 330.0000 g | |
| Units per serving | 1 | 1 | 1 |
| Serving Size | 330.00 g | 330.00 g | 330 g/serving |
| **QD252 - Protein - Combustion** | | | Completed: 10/13/2016 |
| AOAC 990.03; AOAC 992.15 | | | |
| * Protein | 4.34 % | 14.32 g/Serving | |
| **QQ007 - Free Amino Acid Profile (AOAC, Most Matrices)** | | | Completed: 10/18/2016 |
| AOAC 999.13 mod. | | | |
| Alanine (Free) | <0.01 % | <0.04 g/Serving | |
| Arginine (Free) | <0.01 % | <0.04 g/Serving | |
| Aspartic acid (Free) | <0.01 % | <0.04 g/Serving | |
| Cystine, free | <0.01 % | <0.04 g/Serving | |
| Glutamic acid (Free) | <0.01 % | <0.04 g/Serving | |
| Glycine (Free) | <0.01 % | <0.04 g/Serving | |
| Histidine (Free) | <0.01 % | <0.04 g/Serving | |
| Isoleucine (Free) | <0.01 % | <0.04 g/Serving | |
| Leucine (Free) | <0.01 % | <0.04 g/Serving | |
| Lysine (Free) | <0.01 % | <0.04 g/Serving | |
| Methionine (Free) | <0.01 % | <0.04 g/Serving | |
| Phenylalanine (Free) | <0.01 % | <0.04 g/Serving | |
| Proline (Free) | <0.01 % | <0.04 g/Serving | |
| Serine (Free) | <0.01 % | <0.04 g/Serving | |
| Threonine (Free) | <0.01 % | <0.04 g/Serving | |
| Tyrosine (Free) | <0.01 % | <0.04 g/Serving | |
| Valine (Free) | <0.01 % | <0.04 g/Serving | |
| **QD647 - Special Services HPLC** | | | Completed: 10/20/2016 |
| No Reference | | | |
| Sum of Free Amino Acids | <0.01 % | <0.04 g/Serving | |

*The test result is covered by our current A2LA accreditation.*

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA),
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf

Certificate of Analysis: AR-16-QD-153179-01

 **eurofins**

**Eurofins Sample Code:** 464-2016-10120542
**Client Sample Code:** 1610297-04

Respectfully Submitted,
Eurofins Scientific Inc.

David Gross

Support Services Manager
Results shown in this report relate solely to the item submitted for analysis.
All results are reported on an "As Received" basis unless otherwise stated.
Reports shall not be reproduced except in full without written permission of
Eurofins Scientific, Inc.  Measurement of Uncertainty can be obtained upon request.


Biological Testing
Cert:3329:01


Chemical Testing
Cert:2927:01

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA);
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf
Page 2 of 2

 **eurofins** | **Nutrition Analysis Center**

Eurofins Scientific Inc.
Nutrition Analysis Center
2200 Rittenhouse Street, Suite 150
Des Moines, IA 50321
Tel:+1 515 265 1461
Fax:+1 515 266 5453

**Eurofins Sample Code:** 464-2017-02180256
**Sample Description:** 500672 26-445 Q 010968 Orgain Organic Nutrition Plant Based Protein Shake High Protein Smooth Choco, ss=330g
**Client Sample Code:** 1702494-01
**PO Number:** 1702494

**Entry Date:** 02/18/2017
**Reporting Date:** 02/24/2017

Eurofins Frontier Global Services, Inc.
attn: Maricris Dela Rosa
11720 N. Creek Pkwy. N.
Ste. 400
Bothell, Washington 98011

Eurofins Frontier Global Services, Inc.
Attn: Amy Goodall
11720 N. Creek Pkwy. N.
Ste. 400
Bothell, WA 98011

# CERTIFICATE OF ANALYSIS
AR-17-QD-028391-01

| Test | As Is Basis | Per Serving | Theoretical Level |
|---|---|---|---|
| **QD275 - Serving Size (Customer Supplied)** | | | Completed: 02/20/2017 |
| No Reference | | | |
| Unit weight | 330.0000 g | 330.0000 g | |
| Units per serving | 1 | 1 | 1 |
| Serving Size | 330.00 g | 330.00 g | 330 g/serving |
| **QD252 - Protein - Combustion** | | | Completed: 02/22/2017 |
| AOAC 990.03; AOAC 992.15 | | | |
| * Protein | 4.43 % | 14.62 g/Serving | |
| **QQ007 - Free Amino Acid Profile (AOAC, Most Matrices)** | | | Completed: 02/24/2017 |
| AOAC 999.13 mod. | | | |
| Alanine (Free) | <0.01 % | <0.04 g/Serving | |
| Arginine (Free) | <0.01 % | <0.04 g/Serving | |
| Aspartic acid (Free) | <0.01 % | <0.04 g/Serving | |
| Cystine, free | <0.01 % | <0.04 g/Serving | |
| Glutamic acid (Free) | <0.01 % | <0.04 g/Serving | |
| Glycine (Free) | <0.01 % | <0.04 g/Serving | |
| Histidine (Free) | <0.01 % | <0.04 g/Serving | |
| Isoleucine (Free) | <0.01 % | <0.04 g/Serving | |
| Leucine (Free) | <0.01 % | <0.04 g/Serving | |
| Lysine (Free) | <0.01 % | <0.04 g/Serving | |
| Methionine (Free) | <0.01 % | <0.04 g/Serving | |
| Phenylalanine (Free) | <0.01 % | <0.04 g/Serving | |
| Proline (Free) | <0.01 % | <0.04 g/Serving | |
| Serine (Free) | <0.01 % | <0.04 g/Serving | |
| Threonine (Free) | <0.01 % | <0.04 g/Serving | |
| Tyrosine (Free) | <0.01 % | <0.04 g/Serving | |
| Valine (Free) | <0.01 % | <0.04 g/Serving | |
| **QD0GD - Sum of Free Amino Acids** | | | Completed: 02/24/2017 |
| AOAC 999.13 mod. | | | |
| Sum of Amino Acids | <0.01 % | <0.04 g/Serving | |

*The test result is covered by our current A2LA accreditation.

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA);
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf

Certificate of Analysis: AR-17-QD-028391-01

 **eurofins**

AR-17-QD-028391-01

**Eurofins Sample Code:** 464-2017-02180256
**Client Sample Code:** 1702494-01

Respectfully Submitted,
Eurofins Scientific Inc.

David Gross
Support Services Manager

Results shown in this report relate solely to the item submitted for analysis.
All results are reported on an "As Received" basis unless otherwise stated.
Reports shall not be reproduced except in full without written permission of
Eurofins Scientific, Inc. Measurement of Uncertainty can be obtained upon request.


Chemical Testing
Cert:2927:01

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA);
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf
Page 2 of 2

 **eurofins** | **Nutrition Analysis Center**

Eurofins Scientific Inc.
Nutrition Analysis Center
2200 Rittenhouse Street, Suite 150
Des Moines, IA 50321
Tel:+1 515 265 1461
Fax:+1 515 266 5453

**Eurofins Sample Code:** 464-2017-02180257
**Sample Description:** 500673 26-445 P 103361 Orgain Organic Nutrition Complete
Protein Shake High Protein Sweet Vanilla, ss=330g
**Client Sample Code:** 1702494-02
**PO Number:** 1702494

**Entry Date:** 02/18/2017
**Reporting Date:** 02/24/2017

Eurofins Frontier Global Services, Inc.
attn: Maricris Dela Rosa
11720 N. Creek Pkwy. N.
Ste. 400
Bothell, Washington 98011

Eurofins Frontier Global Services, Inc.
Attn: Amy Goodall
11720 N. Creek Pkwy. N.
Ste. 400
Bothell, WA 98011

# CERTIFICATE OF ANALYSIS
AR-17-QD-028392-01

| Test | As Is Basis | Per Serving | Theoretical Level |
|---|---|---|---|
| **QD275 - Serving Size (Customer Supplied)** | | | Completed: 02/20/2017 |
| No Reference | | | |
| Unit weight | 330.0000 g | 330.0000 g | |
| Units per serving | 1 | 1 | 1 |
| Serving Size | 330.00 g | 330.00 g | 330 g/serving |
| **QD252 - Protein - Combustion** | | | Completed: 02/22/2017 |
| AOAC 990.03; AOAC 992.15 | | | |
| * Protein | 4.30 % | 14.19 g/Serving | |
| **QQ007 - Free Amino Acid Profile (AOAC, Most Matrices)** | | | Completed: 02/24/2017 |
| AOAC 999.13 mod. | | | |
| Alanine (Free) | <0.01 % | <0.04 g/Serving | |
| Arginine (Free) | <0.01 % | <0.04 g/Serving | |
| Aspartic acid (Free) | <0.01 % | <0.04 g/Serving | |
| Cystine, free | <0.01 % | <0.04 g/Serving | |
| Glutamic acid (Free) | <0.01 % | <0.04 g/Serving | |
| Glycine (Free) | <0.01 % | <0.04 g/Serving | |
| Histidine (Free) | <0.01 % | <0.04 g/Serving | |
| Isoleucine (Free) | <0.01 % | <0.04 g/Serving | |
| Leucine (Free) | <0.01 % | <0.04 g/Serving | |
| Lysine (Free) | <0.01 % | <0.04 g/Serving | |
| Methionine (Free) | <0.01 % | <0.04 g/Serving | |
| Phenylalanine (Free) | <0.01 % | <0.04 g/Serving | |
| Proline (Free) | <0.01 % | <0.04 g/Serving | |
| Serine (Free) | <0.01 % | <0.04 g/Serving | |
| Threonine (Free) | <0.01 % | <0.04 g/Serving | |
| Tyrosine (Free) | <0.01 % | <0.04 g/Serving | |
| Valine (Free) | <0.01 % | <0.04 g/Serving | |
| **QD0GD - Sum of Free Amino Acids** | | | Completed: 02/24/2017 |
| AOAC 999.13 mod. | | | |
| Sum of Amino Acids | <0.01 % | <0.04 g/Serving | |

*The test result is covered by our current A2LA accreditation.

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA);
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf

Certificate of Analysis: AR-17-QD-028392-01

## ⠿ eurofins

**Eurofins Sample Code:** 464-2017-02180257
**Client Sample Code:** 1702494-02

Respectfully Submitted,
Eurofins Scientific Inc.

David Gross

Support Services Manager

Results shown in this report relate solely to the item submitted for analysis.
All results are reported on an "As Received" basis unless otherwise stated.
Reports shall not be reproduced except in full without written permission of
Eurofins Scientific, Inc. Measurement of Uncertainty can be obtained upon request.

Chemical Testing
Cert:2927:01

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA);
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf
Page 2 of 2

 **eurofins**

**Nutrition Analysis Center**

Eurofins Scientific Inc.
Nutrition Analysis Center
2200 Rittenhouse Street, Suite 150
Des Moines, IA 50321
Tel:+1 515 265 1461
Fax:+1 515 266 5453

**Eurofins Sample Code:** 464-2017-02180254
**Sample Description:** 500679 26-445 P 004046 Orgain Organic Nutrition Complete
Protein Shake High Protein Sweet Vanilla, ss=330g
**Client Sample Code:** 1702497-01
**PO Number:** 1702497

**Entry Date:** 02/18/2017
**Reporting Date:** 02/24/2017

Eurofins Frontier Global Services, Inc.
attn: Maricris Dela Rosa
11720 N. Creek Pkwy. N.
Ste. 400
Bothell, Washington 98011

Eurofins Frontier Global Services, Inc.
Attn: Amy Goodall
11720 N. Creek Pkwy. N.
Ste. 400
Bothell, WA 98011

## CERTIFICATE OF ANALYSIS
AR-17-QD-028389-01

| Test | As Is Basis | Per Serving | Theoretical Level |
|------|-------------|-------------|-------------------|
| **QD275 - Serving Size (Customer Supplied)** | | | Completed: 02/20/2017 |
| No Reference | | | |
| Unit weight | 330.0000 g | 330.0000 g | |
| Units per serving | 1 | 1 | 1 |
| Serving Size | 330.00 g | 330.00 g | 330 g/serving |
| **QD252 - Protein - Combustion** | | | Completed: 02/22/2017 |
| AOAC 990.03; AOAC 992.15 | | | |
| * Protein | 4.37 % | 14.42 g/Serving | |
| **QQ007 - Free Amino Acid Profile (AOAC, Most Matrices)** | | | Completed: 02/24/2017 |
| AOAC 999.13 mod. | | | |
| Alanine (Free) | <0.01 % | <0.04 g/Serving | |
| Arginine (Free) | <0.01 % | <0.04 g/Serving | |
| Aspartic acid (Free) | <0.01 % | <0.04 g/Serving | |
| Cystine, free | <0.01 % | <0.04 g/Serving | |
| Glutamic acid (Free) | <0.01 % | <0.04 g/Serving | |
| Glycine (Free) | <0.01 % | <0.04 g/Serving | |
| Histidine (Free) | <0.01 % | <0.04 g/Serving | |
| Isoleucine (Free) | <0.01 % | <0.04 g/Serving | |
| Leucine (Free) | <0.01 % | <0.04 g/Serving | |
| Lysine (Free) | <0.01 % | <0.04 g/Serving | |
| Methionine (Free) | <0.01 % | <0.04 g/Serving | |
| Phenylalanine (Free) | <0.01 % | <0.04 g/Serving | |
| Proline (Free) | <0.01 % | <0.04 g/Serving | |
| Serine (Free) | <0.01 % | <0.04 g/Serving | |
| Threonine (Free) | <0.01 % | <0.04 g/Serving | |
| Tyrosine (Free) | <0.01 % | <0.04 g/Serving | |
| Valine (Free) | <0.01 % | <0.04 g/Serving | |
| **QD0GD - Sum of Free Amino Acids** | | | Completed: 02/24/2017 |
| AOAC 999.13 mod. | | | |
| Sum of Amino Acids | <0.01 % | <0.04 g/Serving | |

*The test result is covered by our current A2LA accreditation.*

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA),
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf

Certificate of Analysis: AR-17-QD-028389-01



**Eurofins Sample Code:** 464-2017-02180254
**Client Sample Code:** 1702497-01

Respectfully Submitted,
Eurofins Scientific Inc.

David Gross

Support Services Manager
Results shown in this report relate solely to the item submitted for analysis.
All results are reported on an "As Received" basis unless otherwise stated.
Reports shall not be reproduced except in full without written permission of
Eurofins Scientific, Inc. Measurement of Uncertainty can be obtained upon request.

Chemical Testing
Cert:2927:01

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA);
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf
Page 2 of 2

 **eurofins** | **Nutrition Analysis Center**

Eurofins Scientific Inc.
Nutrition Analysis Center
2200 Rittenhouse Street, Suite 150
Des Moines, IA 50321
Tel:+1 515 265 1461
Fax:+1 515 266 5453

**Eurofins Sample Code:** 464-2017-02180255
**Sample Description:** 500680 26-445 P 148437 Orgain Organic Nutrition Plant Based Protein Shake High Protein Smooth, ss=330g
**Client Sample Code:** 1702497-02
**PO Number:** 1702497

**Entry Date:** 02/18/2017
**Reporting Date:** 02/24/2017

Eurofins Frontier Global Services, Inc.
attn: Maricris Dela Rosa
11720 N. Creek Pkwy. N.
Ste. 400
Bothell, Washington 98011

Eurofins Frontier Global Services, Inc.
Attn: Amy Goodall
11720 N. Creek Pkwy. N.
Ste. 400
Bothell, WA 98011

## CERTIFICATE OF ANALYSIS
AR-17-QD-028390-01

| Test | As Is Basis | Per Serving | Theoretical Level |
|---|---|---|---|
| **QD275 - Serving Size (Customer Supplied)** | | | Completed: 02/20/2017 |
| No Reference | | | |
| Unit weight | 330.0000 g | 330.0000 g | |
| Units per serving | 1 | 1 | 1 |
| Serving Size | 330.00 g | 330.00 g | 330 g/serving |
| **QD252 - Protein - Combustion** | | | Completed: 02/22/2017 |
| AOAC 990.03; AOAC 992.15 | | | |
| * Protein | 4.05 % | 13.37 g/Serving | |
| **QQ007 - Free Amino Acid Profile (AOAC, Most Matrices)** | | | Completed: 02/24/2017 |
| AOAC 999.13 mod. | | | |
| Alanine (Free) | <0.01 % | <0.04 g/Serving | |
| Arginine (Free) | <0.01 % | <0.04 g/Serving | |
| Aspartic acid (Free) | <0.01 % | <0.04 g/Serving | |
| Cystine, free | <0.01 % | <0.04 g/Serving | |
| Glutamic acid (Free) | <0.01 % | <0.04 g/Serving | |
| Glycine (Free) | <0.01 % | <0.04 g/Serving | |
| Histidine (Free) | <0.01 % | <0.04 g/Serving | |
| Isoleucine (Free) | <0.01 % | <0.04 g/Serving | |
| Leucine (Free) | <0.01 % | <0.04 g/Serving | |
| Lysine (Free) | <0.01 % | <0.04 g/Serving | |
| Methionine (Free) | <0.01 % | <0.04 g/Serving | |
| Phenylalanine (Free) | <0.01 % | <0.04 g/Serving | |
| Proline (Free) | <0.01 % | <0.04 g/Serving | |
| Serine (Free) | <0.01 % | <0.04 g/Serving | |
| Threonine (Free) | <0.01 % | <0.04 g/Serving | |
| Tyrosine (Free) | <0.01 % | <0.04 g/Serving | |
| Valine (Free) | <0.01 % | <0.04 g/Serving | |
| **QD0GD - Sum of Free Amino Acids** | | | Completed: 02/24/2017 |
| AOAC 999.13 mod. | | | |
| Sum of Amino Acids | <0.01 % | <0.04 g/Serving | |

*The test result is covered by our current A2LA accreditation.*

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA);
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf

Certificate of Analysis: AR-17-QD-028390-01

## ۞ eurofins

AR-17-QD-028390-01

**Eurofins Sample Code:** 464-2017-02180255
**Client Sample Code:** 1702497-02

Respectfully Submitted,
Eurofins Scientific Inc.

David Gross



Chemical Testing
Cert:2927:01

Support Services Manager
Results shown in this report relate solely to the item submitted for analysis.
All results are reported on an "As Received" basis unless otherwise stated.
Reports shall not be reproduced except in full without written permission of
Eurofins Scientific, Inc. Measurement of Uncertainty can be obtained upon request.

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA);
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf
Page 2 of 2

 **eurofins** | **Nutrition Analysis Center**

Eurofins Scientific Inc.
Nutrition Analysis Center
2200 Rittenhouse Street, Suite 150
Des Moines, IA 50321
Tel:+1 515 265 1461
Fax:+1 515 266 5453

**Eurofins Sample Code:** 464-2017-03150380
**Sample Description:** 500858 26-445 P 052391 Orgain Organic Nutrition High
Protein Plant Based Protein Shake Smooth ss=330g
**Client Sample Code:** 1703398-01
**PO Number:** 1703398

**Entry Date:** 03/15/2017
**Reporting Date:** 03/20/2017

Eurofins Frontier Global Services, Inc.
attn: Maricris Dela Rosa
11720 N. Creek Pkwy. N.
Ste. 400
Bothell, Washington 98011

Eurofins Frontier Global Services, Inc.
Attn: Amy Goodall
11720 N. Creek Pkwy. N.
Ste. 400
Bothell, WA 98011

## CERTIFICATE OF ANALYSIS
AR-17-QD-040764-01

| Test | As Is Basis | Per Serving | Theoretical Level |
|---|---|---|---|
| **QD275 - Serving Size (Customer Supplied)** | | | Completed: 03/17/2017 |
| No Reference | | | |
| Unit weight | 330.0000 g | 330.0000 g | |
| Units per serving | 1 | 1 | 1 |
| Serving Size | 330.00 g | 330.00 g | 330 g/serving |
| **QD252 - Protein - Combustion** | | | Completed: 03/17/2017 |
| AOAC 990.03; AOAC 992.15 | | | |
| * Protein | 4.36 % | 14.39 g/Serving | |
| **QQ007 - Free Amino Acid Profile (AOAC, Most Matrices)** | | | Completed: 03/20/2017 |
| AOAC 999.13 mod. | | | |
| Alanine (Free) | <0.01 % | <0.04 g/Serving | |
| Arginine (Free) | <0.01 % | <0.04 g/Serving | |
| Aspartic acid (Free) | <0.01 % | <0.04 g/Serving | |
| Cystine, free | <0.01 % | <0.04 g/Serving | |
| Glutamic acid (Free) | <0.01 % | <0.04 g/Serving | |
| Glycine (Free) | <0.01 % | <0.04 g/Serving | |
| Histidine (Free) | <0.01 % | <0.04 g/Serving | |
| Isoleucine (Free) | <0.01 % | <0.04 g/Serving | |
| Leucine (Free) | <0.01 % | <0.04 g/Serving | |
| Lysine (Free) | <0.01 % | <0.04 g/Serving | |
| Methionine (Free) | <0.01 % | <0.04 g/Serving | |
| Phenylalanine (Free) | <0.01 % | <0.04 g/Serving | |
| Proline (Free) | <0.01 % | <0.04 g/Serving | |
| Serine (Free) | <0.01 % | <0.04 g/Serving | |
| Threonine (Free) | <0.01 % | <0.04 g/Serving | |
| Tyrosine (Free) | <0.01 % | <0.04 g/Serving | |
| Valine (Free) | <0.01 % | <0.04 g/Serving | |
| **QD0GD - Sum of Free Amino Acids** | | | Completed: 03/20/2017 |
| AOAC 999.13 mod. | | | |
| Sum of Amino Acids | <0.01 % | <0.04 g/Serving | |

*The test result is covered by our current A2LA accreditation.

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA),
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf

Certificate of Analysis: AR-17-QD-040764-01

፨ eurofins

AR-17-QD-040764-01

**Eurofins Sample Code:** 464-2017-03150380
**Client Sample Code:** 1703398-01

Respectfully Submitted,
Eurofins Scientific Inc.

Ramin Jahromi
Technical Manager

Results shown in this report relate solely to the item submitted for analysis.
All results are reported on an "As Received" basis unless otherwise stated.
Reports shall not be reproduced except in full without written permission of
Eurofins Scientific, Inc. Measurement of Uncertainty can be obtained upon request.

Chemical Testing
Cert:2927:01

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA);
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf
Page 2 of 2

 **eurofins** | **Nutrition Analysis Center**

Eurofins Scientific Inc.
Nutrition Analysis Center
2200 Rittenhouse Street, Suite 150
Des Moines, IA 50321
Tel:+1 515 265 1461
Fax:+1 515 266 5453

**Eurofins Sample Code:** 464-2017-03150381
**Sample Description:** 500859 26-445 P 024271 Orgain Organic Nutrition High
Protein Plant Based Protein Shake Sweet ss=330g
**Client Sample Code:** 1703398-02
**PO Number:** 1703398

**Entry Date:** 03/15/2017
**Reporting Date:** 03/20/2017

Eurofins Frontier Global Services, Inc.
attn: Maricris Dela Rosa
11720 N. Creek Pkwy. N.
Ste. 400
Bothell, Washington 98011

Eurofins Frontier Global Services, Inc.
Attn: Amy Goodall
11720 N. Creek Pkwy. N.
Ste. 400
Bothell, WA 98011

## CERTIFICATE OF ANALYSIS
AR-17-QD-040765-01

| Test | As Is Basis | Per Serving | Theoretical Level |
|---|---|---|---|
| **QD275 - Serving Size (Customer Supplied)** | | | Completed: 03/17/2017 |
| No Reference | | | |
| Unit weight | 330.0000 g | 330.0000 g | |
| Units per serving | 1 | 1 | 1 |
| Serving Size | 330.00 g | 330.00 g | 330 g/serving |
| **QD252 - Protein - Combustion** | | | Completed: 03/17/2017 |
| AOAC 990.03; AOAC 992.15 | | | |
| * Protein | 4.40 % | 14.52 g/Serving | |
| **QQ007 - Free Amino Acid Profile (AOAC, Most Matrices)** | | | Completed: 03/20/2017 |
| AOAC 999.13 mod. | | | |
| Alanine (Free) | <0.01 % | <0.04 g/Serving | |
| Arginine (Free) | <0.01 % | <0.04 g/Serving | |
| Aspartic acid (Free) | <0.01 % | <0.04 g/Serving | |
| Cystine, free | <0.01 % | <0.04 g/Serving | |
| Glutamic acid (Free) | <0.01 % | <0.04 g/Serving | |
| Glycine (Free) | <0.01 % | <0.04 g/Serving | |
| Histidine (Free) | <0.01 % | <0.04 g/Serving | |
| Isoleucine (Free) | <0.01 % | <0.04 g/Serving | |
| Leucine (Free) | <0.01 % | <0.04 g/Serving | |
| Lysine (Free) | <0.01 % | <0.04 g/Serving | |
| Methionine (Free) | <0.01 % | <0.04 g/Serving | |
| Phenylalanine (Free) | <0.01 % | <0.04 g/Serving | |
| Proline (Free) | <0.01 % | <0.04 g/Serving | |
| Serine (Free) | <0.01 % | <0.04 g/Serving | |
| Threonine (Free) | <0.01 % | <0.04 g/Serving | |
| Tyrosine (Free) | <0.01 % | <0.04 g/Serving | |
| Valine (Free) | <0.01 % | <0.04 g/Serving | |
| **QD0GD - Sum of Free Amino Acids** | | | Completed: 03/20/2017 |
| AOAC 999.13 mod. | | | |
| Sum of Amino Acids | <0.01 % | <0.04 g/Serving | |

*The test result is covered by our current A2LA accreditation.

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA),
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf

Certificate of Analysis: AR-17-QD-040765-01

 eurofins

AR-17-QD-040765-01

**Eurofins Sample Code:** 464-2017-03150381
**Client Sample Code:** 1703398-02

Respectfully Submitted,
Eurofins Scientific Inc.

Ramin Jahromi

Technical Manager



Chemical Testing
Cert:2927:01

Results shown in this report relate solely to the item submitted for analysis.
All results are reported on an "As Received" basis unless otherwise stated.
Reports shall not be reproduced except in full without written permission of
Eurofins Scientific, Inc. Measurement of Uncertainty can be obtained upon request.

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA);
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf
Page 2 of 2

 **eurofins** | **Nutrition Analysis Center**

Eurofins Scientific Inc.
Nutrition Analysis Center
2200 Rittenhouse Street, Suite 150
Des Moines, IA 50321
Tel:+1 515 265 1461
Fax:+1 515 266 5453

**Eurofins Sample Code:** 464-2017-06220933
**Sample Description:** 501601 7044P5FVA JP Orgain Organic Nutrition High
Protein Plant Based Protein Shake Smooth Choc, ss=330g
**Client Sample Code:** 1706643-01
**PO Number:** 1706643

**Entry Date:** 06/22/2017
**Reporting Date:** 06/28/2017

Eurofins Frontier Global Services, Inc.
attn: Maricris Dela Rosa
11720 N Creek Pkwy N Ste. 400
SUITE 400
Bothell, WA 98011

Eurofins Frontier Global Services, Inc.
Attn: Amy Goodall
11720 N Creek Pkwy N Ste. 400
SUITE 400
Bothell, WA 98011

## CERTIFICATE OF ANALYSIS
AR-17-QD-094432-01

| Test | As Is Basis | Per Serving | Theoretical Level |
|---|---|---|---|
| QD275 - Serving Size (Customer Supplied) | | | Completed: 06/23/2017 |
| No Reference | | | |
| Unit weight | 330.0000 g | 330.0000 g | |
| Units per serving | 1 | 1 | 1 |
| Serving Size | 330.00 g | 330.00 g | 330 g/serving |
| QD298 - Protein - Kjeltec | | | Completed: 06/28/2017 |
| AOAC 2001.11 | | | |
| * Protein- Kjeltec | 4.52 % | 14.92 g/Serving | |
| QD252 - Protein - Combustion | | | Completed: 06/26/2017 |
| AOAC 990.03; AOAC 992.15 | | | |
| * Protein | 4.35 % | 14.36 g/Serving | |

*The test result is covered by our current A2LA accreditation.

Respectfully Submitted,
Eurofins Scientific Inc.

David Gross

Support Services Manager

Results shown in this report relate solely to the item submitted for analysis.
All results are reported on an "As Received" basis unless otherwise stated.
Reports shall not be reproduced except in full without written permission of
Eurofins Scientific, Inc.  Measurement of Uncertainty can be obtained upon request.


Chemical Testing
Cert:2927:01

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA);
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf

 **eurofins** | **Nutrition Analysis Center**

Eurofins Scientific Inc.
Nutrition Analysis Center
2200 Rittenhouse Street, Suite 150
Des Moines, IA 50321
Tel:+1 515 265 1461
Fax:+1 515 266 5453

**Eurofins Sample Code:** 464-2017-06220933
**Sample Description:** 501601 7044P5FVA JP Orgain Organic Nutrition High
Protein Plant Based Protein Shake Smooth Choc, ss=330g
**Client Sample Code:** 1706643-01
**PO Number:** 1706643

**Entry Date:** 06/22/2017
**Reporting Date:** 06/28/2017

Eurofins Frontier Global Services, Inc.
attn: Maricris Dela Rosa
11720 N Creek Pkwy N Ste. 400
SUITE 400
Bothell, WA 98011

Eurofins Frontier Global Services, Inc.
Attn: Amy Goodall
11720 N Creek Pkwy N Ste. 400
SUITE 400
Bothell, WA 98011

## CERTIFICATE OF ANALYSIS
AR-17-QD-094432-01

| Test | As Is Basis | Per Serving | Theoretical Level |
|---|---|---|---|
| QD275 - Serving Size (Customer Supplied) | | | Completed: 06/23/2017 |
| No Reference | | | |
| Unit weight | 330.0000 g | 330.0000 g | |
| Units per serving | 1 | 1 | 1 |
| Serving Size | 330.00 g | 330.00 g | 330 g/serving |
| QD298 - Protein - Kjeltec | | | Completed: 06/28/2017 |
| AOAC 2001.11 | | | |
| * Protein- Kjeltec | 4.52 % | 14.92 g/Serving | |
| QD252 - Protein - Combustion | | | Completed: 06/26/2017 |
| AOAC 990.03; AOAC 992.15 | | | |
| * Protein | 4.35 % | 14.36 g/Serving | |

*The test result is covered by our current A2LA accreditation.

Respectfully Submitted,
Eurofins Scientific Inc.

David Gross

Support Services Manager
Results shown in this report relate solely to the item submitted for analysis.
All results are reported on an "As Received" basis unless otherwise stated.
Reports shall not be reproduced except in full without written permission of
Eurofins Scientific, Inc. Measurement of Uncertainty can be obtained upon request.


Chemical Testing
Cert:2927:01

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA);
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf
Page 1 of 1                    Certificate of Analysis: AR-17-QD-094432-01

 **eurofins** | **Nutrition Analysis Center**

Eurofins Scientific Inc.
Nutrition Analysis Center
2200 Rittenhouse Street, Suite 150
Des Moines, IA 50321
Tel:+1 515 265 1461
Fax:+1 515 266 5453

**Eurofins Sample Code:** 464-2018-01260732
**Sample Description:** 502026 7075P5FUA JP High Protein OrgainR Organic
NutritionTM plant based protein shake vanilla bean, ss=330g
**Client Sample Code:** 8A00775-05
**PO Number:** 8A00775

**Entry Date:** 01/26/2018
**Reporting Date:** 02/14/2018

Eurofins Frontier Global Services, Inc.
attn: Maricris Dela Rosa
11720 N Creek Pkwy N Ste. 400
SUITE 400
Bothell, WA 98011

Eurofins Frontier Global Services, Inc.
Attn: Amy Goodall
11720 N Creek Pkwy N Ste. 400
SUITE 400
Bothell, WA 98011

## CERTIFICATE OF ANALYSIS

AR-18-QD-014482-02

This analytical report supersedes AR-18-QD-014482-01.

| Test | As Is Basis | Per Serving | Theoretical Level |
|------|-------------|-------------|-------------------|
| QD275 - Serving Size (Customer Supplied) | | | Completed: 01/30/2018 |
| No Reference | | | |
| Unit weight | 330.0000 g | 330.0000 g | |
| Units per serving | 1 | 1 | 1 |
| Serving Size | 330.00 g | 330.00 g | 330 g/serving |
| QD298 - Protein - Kjeltec | | | Completed: 02/13/2018 |
| AOAC 2001.11 | | | |
| * Protein- Kjeltec | 4.15 % | 13.70 g/Serving | |
| QD252 - Protein - Combustion | | | Completed: 01/31/2018 |
| AOAC 990.03; AOAC 992.15 | | | |
| * Protein | 4.04 % | 13.33 g/Serving | |

*The test result is covered by our current A2LA accreditation.

Respectfully Submitted,
Eurofins Scientific Inc.

*Desiree N. Childs*

Desiree Childs

Evening Manager
Results shown in this report relate solely to the item submitted for analysis.
All results are reported on an "As Received" basis unless otherwise stated.
Reports shall not be reproduced except in full without written permission of
Eurofins Scientific, Inc.  Measurement of Uncertainty can be obtained upon request.


Chemical Testing
Cert:2927:01

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA);
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf

Certificate of Analysis: AR-18-QD-014482-02

 **eurofins** | **Nutrition Analysis Center**

Eurofins Scientific Inc.
Nutrition Analysis Center
2200 Rittenhouse Street, Suite 150
Des Moines, IA 50321
Tel:+1 515 265 1461
Fax:+1 515 265 5453

**Eurofins Sample Code:** 464-2018-01260732
**Sample Description:** 502026 7075P5FUA JP High Protein OrgainR Organic
NutritionTM plant based protein shake vanilla bean, ss=330g
**Client Sample Code:** 8A00775-05
**PO Number:** 8A00775

**Entry Date:** 01/26/2018
**Reporting Date:** 01/31/2018

Eurofins Frontier Global Services, Inc.
attn: Maricris Dela Rosa
11720 N Creek Pkwy N Ste. 400
SUITE 400
Bothell, WA 98011

Eurofins Frontier Global Services, Inc.
Attn: Amy Goodall
11720 N Creek Pkwy N Ste. 400
SUITE 400
Bothell, WA 98011

## CERTIFICATE OF ANALYSIS
AR-18-QD-014482-01

| Test | As Is Basis | Per Serving | Theoretical Level |
|---|---|---|---|
| QD275 - Serving Size (Customer Supplied) | | | Completed: 01/30/2018 |
| No Reference | | | |
| Unit weight | 330.0000 g | 330.0000 g | |
| Units per serving | 1 | 1 | 1 |
| Serving Size | 330.00 g | 330.00 g | 330 g/serving |
| QD252 - Protein - Combustion | | | Completed: 01/31/2018 |
| AOAC 990.03, AOAC 992.15 | | | |
| * Protein | 4.04 % | 13.33 g/Serving | |

*The test result is covered by our current A2LA accreditation.

Respectfully Submitted,
Eurofins Scientific Inc.

David Gross

Support Services Manager
Results shown in this report relate solely to the item submitted for analysis.
All results are reported on an "As Received" basis unless otherwise stated.
Reports shall not be reproduced except in full without written permission of
Eurofins Scientific, Inc.  Measurement of Uncertainty can be obtained upon request.



Chemical Testing
Cert:2927:01

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA);
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf
Page 1 of 1                    Certificate of Analysis: AR-18-QD-014482-01


## eurofins

**Nutrition Analysis Center**

Eurofins Scientific Inc.
Nutrition Analysis Center
2200 Rittenhouse Street, Suite 150
Des Moines, IA 50321
Tel:+1 515 265 1461
Fax:+1 515 266 5453

**Eurofins Sample Code:** 464-2018-01260733
**Sample Description:** 502027 7295P3FEA JP High Protein OrgainR Organic
Nutrition complete protein shake sweet VANILLA bean, ss=330g
**Client Sample Code:** 8A00775-06
**PO Number:** 8A00775

**Entry Date:** 01/26/2018
**Reporting Date:** 01/31/2018

Eurofins Frontier Global Services, Inc.
attn:  Maricris Dela Rosa
11720 N Creek Pkwy N Ste. 400
SUITE 400
Bothell, WA 98011

Eurofins Frontier Global Services, Inc.
Attn:  Amy Goodall
11720 N Creek Pkwy N Ste. 400
SUITE 400
Bothell, WA 98011

## CERTIFICATE OF ANALYSIS
AR-18-QD-014483-01

| Test | As Is Basis | Per Serving | Theoretical Level |
|---|---|---|---|
| QD275 - Serving Size (Customer Supplied) | | | Completed: 01/30/2018 |
| No Reference | | | |
| Unit weight | 330.0000 g | 330.0000 g | |
| Units per serving | 1 | 1 | 1 |
| Serving Size | 330.00 g | 330.00 g | 330 g/serving |
| QD252 - Protein - Combustion | | | Completed: 01/31/2018 |
| AOAC 990.03; AOAC 992.15 | | | |
| * Protein | 4.39 % | 14.49 g/Serving | |

*The test result is covered by our current A2LA accreditation.

Respectfully Submitted,
Eurofins Scientific Inc.

David Gross

Support Services Manager
Results shown in this report relate solely to the item submitted for analysis.
All results are reported on an "As Received" basis unless otherwise stated.
Reports shall not be reproduced except in full without written permission of
Eurofins Scientific, Inc.  Measurement of Uncertainty can be obtained upon request.


Chemical Testing
Cert:2927:01

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA);
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf

 **eurofins** | **Nutrition Analysis Center**

Eurofins Scientific Inc.
Nutrition Analysis Center
2200 Rittenhouse Street, Suite 150
Des Moines, IA 50321
Tel:+1 515 265 1461
Fax:+1 515 266 5453

**Eurofins Sample Code: 464-2018-01270249**
**Sample Description: 502029 7295P3FSA JP High Protein Orgain Organic**
Nutrition complete protein shake sweet VANILLA bean, ss=330g
**Client Sample Code: 8A00797-01**
**PO Number: 8A00797**

**Entry Date:** 01/27/2018
**Reporting Date:** 01/31/2018

Eurofins Frontier Global Services, Inc.
attn: Maricris Dela Rosa
11720 N Creek Pkwy N Ste. 400
SUITE 400
Bothell, WA 98011

Eurofins Frontier Global Services, Inc.
Attn: Amy Goodall
11720 N Creek Pkwy N Ste. 400
SUITE 400
Bothell, WA 98011

## CERTIFICATE OF ANALYSIS
### AR-18-QD-014517-01

| Test | As Is Basis | Per Serving | Theoretical Level |
|---|---|---|---|
| QD275 - Serving Size (Customer Supplied) | | | Completed: 01/30/2018 |
| No Reference | | | |
| Unit weight | 330.0000 g | 330.0000 g | |
| Units per serving | 1 | 1 | 1 |
| Serving Size | 330.00 g | 330.00 g | 330 g/serving |
| QD252 - Protein - Combustion | | | Completed: 01/31/2018 |
| AOAC 990.03; AOAC 992.15 | | | |
| * Protein | 4.37 % | 14.42 g/Serving | |

*The test result is covered by our current A2LA accreditation.

Respectfully Submitted,
Eurofins Scientific Inc.

David Gross
Support Services Manager

Results shown in this report relate solely to the item submitted for analysis.
All results are reported on an "As Received" basis unless otherwise stated.
Reports shall not be reproduced except in full without written permission of
Eurofins Scientific, Inc. Measurement of Uncertainty can be obtained upon request.


Chemical Testing
Cert:2927:01

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA);
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf
Page 1 of 1          Certificate of Analysis: AR-18-QD-014517-01

 **eurofins**

**Nutrition Analysis Center**

Eurofins Scientific Inc.
Nutrition Analysis Center
2200 Rittenhouse Street, Suite 150
Des Moines, IA 50321
Tel:+1 515 265 1461
Fax:+1 515 266 5453

**Eurofins Sample Code:** 464-2018-02140236
**Sample Description:** 502033 7338P8FSA JP High Protein Orgain Organic
Nutrition complete protein shake sweet vanilla bean, ss=330g
**Client Sample Code:** 8B00348-03
**PO Number:** 8B00348

**Entry Date:** 02/14/2018
**Reporting Date:** 02/19/2018

Eurofins Frontier Global Services, Inc.
attn: Maricris Dela Rosa
11720 N Creek Pkwy N Ste. 400
SUITE 400
Bothell, WA 98011

Eurofins Frontier Global Services, Inc.
Attn: Amy Goodall
11720 N Creek Pkwy N Ste. 400
SUITE 400
Bothell, WA 98011

## CERTIFICATE OF ANALYSIS
AR-18-QD-024219-01

| Test | As Is Basis | Per Serving | Theoretical Level |
|------|-------------|-------------|-------------------|
| QD275 - Serving Size (Customer Supplied) | | | Completed: 02/15/2018 |
| No Reference | | | |
| Unit weight | 330.0000 g | 330.0000 g | |
| Units per serving | 1 | 1 | 1 |
| Serving Size | 330.00 g | 330.00 g | 330 g/serving |
| QD252 - Protein - Combustion | | | Completed: 02/16/2018 |
| AOAC 990.03; AOAC 992.15 | | | |
| * Protein | 4.48 % | 14.78 g/Serving | |

*The test result is covered by our current A2LA accreditation.*

Respectfully Submitted,
Eurofins Scientific Inc.

John Jordan
Manager

Results shown in this report relate solely to the item submitted for analysis.
All results are reported on an "As Received" basis unless otherwise stated.
Reports shall not be reproduced except in full without written permission of
Eurofins Scientific, Inc. Measurement of Uncertainty can be obtained upon request.

ACCREDITED
Chemical Testing
Cert:2927:01

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA);
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf

Certificate of Analysis: AR-18-QD-024219-01

 **eurofins** | **Nutrition Analysis Center**

Eurofins Scientific Inc.
Nutrition Analysis Center
2200 Rittenhouse Street, Suite 150
Des Moines, IA 50321
Tel:+1 515 265 1461
Fax:+1 515 266 5453

**Eurofins Sample Code:** 464-2018-02140233
**Sample Description:** 502036 7295P3FEA JP High Protein Orgain Organic
Nutrition complete protein shake sweet vanilla bean, ss=330g
**Client Sample Code:** 8B00349-03
**PO Number:** 8B00349

**Entry Date:** 02/14/2018
**Reporting Date:** 02/19/2018

Eurofins Frontier Global Services, Inc.
attn: Maricris Dela Rosa
11720 N Creek Pkwy N Ste. 400
SUITE 400
Bothell, WA 98011

Eurofins Frontier Global Services, Inc.
Attn: Amy Goodall
11720 N Creek Pkwy N Ste. 400
SUITE 400
Bothell, WA 98011

## CERTIFICATE OF ANALYSIS
### AR-18-QD-024271-01

| Test | As Is Basis | Per Serving | Theoretical Level |
|---|---|---|---|
| QD275 - Serving Size (Customer Supplied) | | | Completed: 02/15/2018 |
| No Reference | | | |
| Unit weight | 330.0000 g | 330.0000 g | |
| Units per serving | 1 | 1 | 1 |
| Serving Size | 330.00 g | 330.00 g | 330 g/serving |
| QD252 - Protein - Combustion | | | Completed: 02/16/2018 |
| AOAC 990.03; AOAC 992.15 | | | |
| * Protein | 4.54 % | 14.98 g/Serving | |

*The test result is covered by our current A2LA accreditation.

Respectfully Submitted,
Eurofins Scientific Inc.

John Jordan
Manager

Results shown in this report relate solely to the item submitted for analysis.
All results are reported on an "As Received" basis unless otherwise stated.
Reports shall not be reproduced except in full without written permission of
Eurofins Scientific, Inc. Measurement of Uncertainty can be obtained upon request.


**ACCREDITED**
Chemical Testing
Cert:2927:01

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA);
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf
Page 1 of 1                           Certificate of Analysis: AR-18-QD-024271-01

 **eurofins** | **Nutrition Analysis Center**

Eurofins Scientific Inc.
Nutrition Analysis Center
2200 Rittenhouse Street, Suite 150
Des Moines, IA 50321
Tel:+1 515 265 1461
Fax:+1 515 266 5453

**Eurofins Sample Code:** 464-2018-02210723
**Sample Description:** 502040 7058P4FRA JP Orgain® Organic Nutrition™ Vegan
All-In-One Protein Shake Vanilla Bean Flavor ss=330g
**Client Sample Code:** 8B00625-01
**PO Number:** 8B00625

**Entry Date:** 02/21/2018
**Reporting Date:** 02/27/2018

Eurofins Frontier Global Services, Inc.
attn: Maricris Dela Rosa
11720 N Creek Pkwy N Ste. 400
SUITE 400
Bothell, WA 98011

Eurofins Frontier Global Services, Inc.
Attn: Amy Goodall
11720 N Creek Pkwy N Ste. 400
SUITE 400
Bothell, WA 98011

## CERTIFICATE OF ANALYSIS

AR-18-QD-028427-01

| Test | As Is Basis | Per Serving | Theoretical Level |
|---|---|---|---|
| QD275 - Serving Size (Customer Supplied) | | | Completed: 02/22/2018 |
| No Reference | | | |
| Unit weight | 330.0000 g | 330.0000 g | |
| Units per serving | 1 | 1 | 1 |
| Serving Size | 330.00 g | 330.00 g | 330 g/serving |
| QD252 - Protein - Combustion | | | Completed: 02/22/2018 |
| AOAC 990.03; AOAC 992.15 | | | |
| * Protein | 4.23 % | 13.96 g/Serving | |

*The test result is covered by our current A2LA accreditation.

Respectfully Submitted,
Eurofins Scientific Inc.

David Gross

Support Services Manager
Results shown in this report relate solely to the item submitted for analysis.
All results are reported on an "As Received" basis unless otherwise stated.
Reports shall not be reproduced except in full without written permission of
Eurofins Scientific, Inc. Measurement of Uncertainty can be obtained upon request.

Chemical Testing
Cert:2927:01

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA);
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf
Page 1 of 1                     Certificate of Analysis: AR-18-QD-028427-01

 **eurofins** | **Nutrition Analysis Center**

Eurofins Scientific Inc.
Nutrition Analysis Center
2200 Rittenhouse Street, Suite 150
Des Moines, IA 50321
Tel:+1 515 265 1461
Fax:+1 515 266 5453

**Eurofins Sample Code:** 464-2018-03071042
**Sample Description:** 502046 7075P5F4A JP High Protein Orgain Organic
Nutrition plant based protein shake smooth chocolate, ss=330g
**Client Sample Code:** 8C00181-3
**PO Number:** 8C00181

**Entry Date:** 03/07/2018
**Reporting Date:** 03/13/2018

Eurofins Frontier Global Services, Inc.
attn: Maricris Dela Rosa
11720 N Creek Pkwy N Ste. 400
SUITE 400
Bothell, WA 98011

Eurofins Frontier Global Services, Inc.
Attn: Amy Goodall
11720 N Creek Pkwy N Ste. 400
SUITE 400
Bothell, WA 98011

## CERTIFICATE OF ANALYSIS
AR-18-QD-035664-01

| Test | As Is Basis | Per Serving | Theoretical Level |
|------|-------------|-------------|-------------------|
| QD275 - Serving Size (Customer Supplied) | | | Completed: 03/08/2018 |
| No Reference | | | |
| Unit weight | 330.0000 g | 330.0000 g | |
| Units per serving | 1 | 1 | 1 |
| Serving Size | 330.00 g | 330.00 g | 330 g/serving |
| QD252 - Protein - Combustion | | | Completed: 03/13/2018 |
| AOAC 990.03; AOAC 992.15 | | | |
| * Protein | 4.49 % | 14.82 g/Serving | |

*The test result is covered by our current A2LA accreditation.

Respectfully Submitted,
Eurofins Scientific Inc.

David Gross
Support Services Manager


Chemical Testing
Cert:2927:01

Results shown in this report relate solely to the item submitted for analysis.
All results are reported on an "As Received" basis unless otherwise stated.
Reports shall not be reproduced except in full without written permission of
Eurofins Scientific, Inc. Measurement of Uncertainty can be obtained upon request.

All work done in accordance with Eurofins General Terms and Conditions of Sale (USA);
full text on reverse or www.eurofinsus.com/Terms_and_Conditions.pdf
Page 1 of 1                    Certificate of Analysis: AR-18-QD-035664-01

**EXHIBIT B**

# BURSOR & FISHER
P.A.

**1990 N. CALIFORNIA BLVD.**
**SUITE 940**
**WALNUT CREEK, CA 94596**
**www.bursor.com**

**FREDERICK J. KLORCZYK III**
Tel: **925.300.4455**
Fax: **925.407.2700**
**fklorczyk@bursor.com**

October 5, 2018

*<u>Via Certified Mail – Return Receipt Requested</u>*

Orgain, Inc.
P.O. Box 4918
Irvine, CA  92616

Re:    *Demand Letter Pursuant to California Civil Code § 1782; Violation of Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq.; Violation of U.C.C. §§ 2-313, 2-314; Violation of N.Y. G.B.L. §§ 349, 350; and all other applicable laws*

To Whom It May Concern:

    This letter serves as a preliminary notice and demand for corrective action by Orgain, Inc., ("You" or "Defendant") pursuant to numerous provisions of California law, including the Consumers Legal Remedies Act, Civil Code § 1770, including, but not limited to, subsections (a)(5), (7), and (9) on behalf of our clients, Alice Rubio and LaTisha Satchell, and all others similarly situated.  This letter also serves as notice pursuant to U.C.C. § 2-607(3)(A) concerning the breaches of express warranties described herein.  This letter additionally serves as notice of violations of all applicable consumer protection laws, including N.Y. General Business Law §§ 349 & 350.

    You have participated in the manufacture, marketing, and sale of Orgain Organic Nutrition Shake and Orgain Vegan Nutrition Shake, branded ready-to-drink protein products (the "Orgain Protein Shakes").  Orgain Protein Shakes have been marketed and sold as having "16g Protein" (the "Misrepresentations").  In fact, Orgain Protein Shakes do not contain "16g Protein" based on independent lab testing. Accordingly, these representations, made on the Orgain Protein Shakes' labeling, are false and misleading.

    Within the past two months, Ms. Rubio and Ms. Satchell purchased Orgain Protein Shakes in reliance on the Misrepresentations.  Defendant expressly warranted that Orgain Protein Shakes contained 16 grams of protein, but they do not.  By misrepresenting that Orgain Protein Shakes contained "16g Protein," when, in fact, they do not, You have violated and continue to violate provisions of California law, including subsections (a)(5), (7), and (9) of the Consumers Legal Remedies Act, Civil Code § 1770, and California Commercial Code § 2607(3)(a). Additionally, by misrepresenting that Orgain Protein Shakes contained "16g Protein," when, in fact, they do not, You breached an express warranty.  *See* U.C.C. § 2-313.  Your conduct is also a deceptive business practice under all applicable consumer protection laws, including N.Y. General Business Law §§ 349 & 350.

Ms. Rubio and Ms. Satchell are acting on behalf of a class defined as all persons in the United States who purchased Orgain Protein Shakes.  Ms. Rubio is also acting on behalf of a subclass of persons who purchased Orgain Protein Shakes in the State of California.  Ms. Satchell is also acting on behalf of a subclass of persons who purchased Orgain Protein Shakes in the State of New York.

To cure these defects, we demand that you (1) cease and desist from further sales of mislabeled Orgain Protein Shakes; (2) issue an immediate recall of Orgain Protein Shakes; and (3) make full restitution to all purchasers of Orgain Protein Shakes.

We also demand that You promptly take all reasonable steps to preserve all documents, data, and information, including without limitation, all "Writings," as defined in California Evidence Code § 250 (collectively, "Documents"), and all "Electronically Stored Information," as defined in California Code of Civil Procedure § 2016.020(e), which refer or relate to any of the above-described practices, including, but not limited to, the following:

1.  All documents concerning the design, development, supply, production, extraction, and/or testing of Orgain Protein Shakes;

2.  All documents concerning the advertisement, marketing, or sale of Orgain Protein Shakes;

3.  All documents concerning communications with any retailer involved in the marketing or sale of Orgain Protein Shakes;

4.  All documents concerning communications with purchasers of Orgain Protein Shakes;

5.  All documents concerning protein content testing;

6.  All documents concerning communications with federal or state regulators; and

7.  All documents concerning the total revenue derived from sales of Orgain Protein Shakes in the United States.

If You contend that any statement in this letter is inaccurate in any respect, please provide us with Your contentions and supporting documents promptly.

We are willing to negotiate to attempt to resolve the demands asserted in this letter.  If You wish to enter into such discussions, please contact me right away.  If I do not hear from You promptly, I will take that as an indication that You are not interested in doing so.

Very truly yours,

Frederick J. Klorczyk III

**EXHIBIT C**

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Frederick J. Klorczyk III, declare as follows:

1.      I am an attorney at law licensed to practice in the State of California and a member of the bar of this Court.  I am an attorney at Bursor & Fisher, P.A., counsel of record for Plaintiffs Alice Rubio and LaTisha Satchell in this action.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2.      The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) because Plaintiff Alice Rubio resides in the Central District of California and Defendant Orgain, Inc. is a California corporation with its principal place of business in the Central District of California.  A substantial portion of the events alleged in the Complaint occurred in the Central District of California.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed at Walnut Creek, California on October 19, 2018.

_____
                        Frederick J. Klorczyk III